IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, | 06CV3110 |
| | JUDGE LEFKOW |
| Plaintiffs, | MAGISTRATE JUDGE BROWN |
| v. | **FILED** |
| OFFICERS ROGOWSKI, NEGRON, SHANKLE, JOHN DOE, JOHN SKOE, JANE DOE AND THE VILLAGE OF MELROSE PARK, A MUNICIPAL CORPORATION, | JUN 0 6 2006 *rg* |
| | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |
| Defendants. | Jury Demand |

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323 (3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Plaintiffs Donald Edwards is an African-American male and Annie Brooks is an African-American female, both are citizens of the United States, and residents of Cook County.

3. Defendant OFFICERS ROGOWSKI, SHANKLE, NEGRON, JOHN DOE, JOHN SKOE AND JANE DOE whose names are not currently known, are police officers employed by the City of Melrose Park, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Rogowski, Shankle, Negron, John

1

Doe, John Skoe and Jane Doe are being sued individually.

4. The City of Melrose Park, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe.

## FACTS

5. On June 23, 2005, at approximately 3:00 p.m. Donald Edwards went to visit his mother, Annie Brooks, age 75, at her nursing home, located at 1750 Riverwoods, Melrose Park, Illinois.

6. As he only planned to visit with his mother for a short time period, Donald Edwards left his 1980 Chevorlet Camero running.

7. A woman was passing by Edwards and his mother and asked if the car was Edwards. Edwards told her the car was his and the lady informed Edwards that he should turn off the car as some other women were going to call the police.

8. Edwards then turned off his car and as he was walking through the parking lot back to his mother's building, where she sat on a bench waiting, a black SUV pulled up into the parking lot.

9. Three Caucasian persons, two men and one woman, not in uniform (now known to be Elmwood Park police), jumped out of the SUV and said to Edwards "Get your nigger ass on the ground!" Shocked, Edwards did not move.

10. All three of the officers, Rogowski, John Doe and Jane Doe, then surrounded Edwards and one of the officers sprayed Edwards in his face with

2

mace. Scared and confused, Edwards began to run.

11.     Edwards was then tackled to the ground by the officers. Edwards then just lay on the ground and said nothing because he saw his mother getting off the bench towards him, and he did not want her to be upset.

12.     The officers then began to beat Edwards with their fist about his body. Edwards heard his mother screaming "What is going on? What are you doing? Stop beating my son." The officers ignored her and continued the beating for a while longer before Edwards was stood up and placed in handcuffs.

13.     Annie Brooks, meanwhile, had to witness the police mace and beat her son for nothing. Brooks repeatedly begged the offers to stop beating her son. One of the officers yelled at her to "get out of here!"

14.     Edwards was then placed in a squad car and driven back to the police station by Officer Negron who told Edwards "If I was there, I would have shot your nigger ass." Officer Negron also told Edwards that "You are going to get yours when we get back to the station."

15.     Once at the police station, Edwards was placed in a holding room and chained to a rail that ran along a wall. About six officers, came into the room and uncuffed him from the wall, but left his hands cuffed behind his back. One of the officers then slammed Edwards into a metal table, face first.

16.     The six officers then commenced to beating Edwards; twisting his neck, punching his body, and pulling his appendages. Edwards was beaten unconscious and awoke to the sounds of his lawyer screaming for the police to

call an ambulance. Edwards was then taken to Westlake Hospital where he was diagnosed with ligament damage and bruising. Edwards mother soon after the event was admitted to the hospital for heart problems.

17.     Edwards was subsequently charged with aggravated battery of a police officer and disorderly conduct. Edwards was exonerated of all charges.

## COUNT I

### (42 U.S.C. Section 1983-Excessive Force Claim)

(1-17). Plaintiff Donald Edwards alleges and realleges paragraphs 1 through 17 as fully set forth above.

18.     As a result of the unreasonable and unjustifiable attack on Donald Edwards, he suffered both physical and emotional injuries.

19.     This unreasonable and unjustifiable beating of the Plaintiff Donald Edwards by Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe was a direct and proximate cause of his pain, suffering and metal anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff Donald Edwards demands $50,000 in compensatory damages against Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $25,000 in punitive

damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

### (42 U.S.C. Section 1983-False Arrest)

(1-17).   Plaintiff Donald Edwards alleges and realleges paragraphs 1 through 17 as fully set forth herein.

18.   The above acts of the Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe were willfully and wantonly done without probable cause and was a direct and proximate cause of Mr. Edwards' pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff Donald Edwards seeks $50,000 in actual or compensatory damages against Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe individually and because they acted maliciously, willfully and/or wantonly, Plaintiff demands $25,000 in punitive damages against Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe individually.

## COUNT III

### (Supplemental State Claim for Assault and Battery)

(1-17).   Plaintiff Donald Edwards alleges and realleges paragraphs 1 through 17 as though fully set forth herein.

18.   The acts of the Defendant Officers Rogowski, Shankle, Negron, John

Doe, John Skoe and Jane Doe described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE**, Plaintiff Donald Edwards demands judgment against Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe, individually, in an amount in excess of $30,000 in compensatory damages and because the Defendants acted maliciously, willfully and/or wantonly, $15,000 in punitive or exemplary damages, plus costs for the battery against him.

## COUNT IV

### (Malicious Prosecution under Illinois Law)

(1-17). Plaintiff Donald Edwards alleges and realleges paragraphs 1 through 17 as though fully set forth herein.

18. The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff.

19. The defendants signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecution.

20. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

21. The unjustifiable prosecution of the Plaintiff Donald Edwards was

done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Donald Edwards seeks $50,000 in actual or compensatory damages against Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe, individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $20,000 in punitive damages against each defendant officer.

## COUNT V

### (Intentional Infliction of Emotional Distress under Illinois Law)

(1-17). Plaintiff Annie Brooks alleges and realleges paragraphs 1 through 17 as though fully set forth herein.

18. Annie Brooks son was beaten right in front of her.

19. At the time of the beating, Brooks was hollering over and over again, "please, stop beating my son." The defendant officers knew that Donald Edwards was Annie Brooks son.

20. The unjustifiable beating of the Plaintiff Donald Edwards was done willfully and wantonly and was the direct and proximate cause of mental and physical injuries suffered by the Plaintiff.

**WHEREFORE**, Plaintiff Annie Brooks seeks $50,000 in actual or compensatory damages against Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe, individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands

$20,000 in punitive damages against each defendant officer.

## COUNT VI

### (Respondent Superior under Illinois Law/ City of Chicago)

(1-17). Plaintiff Donald Edwards and Annie Brooks allege and reallege paragraphs 1 through 17 as though fully set forth herein.

18. The aforesaid acts of Defendant Officers Rogowski, Shankle, Negron, John Doe, John Skoe and Jane Doe in beating and falsely arresting Donald Edwards were done within the scope of their employment as Melrose Park police officers, were willful and wanton, and therefore the defendant City of Melrose Park, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiffs Donald Edwards and Annie Brooks demand judgment against defendant City of Melrose Park, plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

The Law Office of Standish E. Willis

By: ___Standish E. Willis___
Standish E. Willis
Attorney for Plaintiff

The Law Office of Standish E. Willis, LTD.
407 South Dearborn Street-Suite #1395
Chicago, Illinois 60605
(312) 554-0005