IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD EDWARDS and ANNIE BROOKS, | ) ) ) | No: 06 C 3110 |
| Plaintiffs, | ) ) | Judge Lefkow |
| v. | ) ) | Magistrate Judge Brown |
| OFFICERS ROGOWSKI, NEGRON, SHANKLE, JOHN DOE, JOHN SKOE, JANE DOE AND THE VILLAGE OF MELROSE PARK, A MUNICIPAL CORPORATION, | ) ) ) ) ) ) | Jury Demand |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO QUASH SUBPOENA

NOW COME the Plaintiffs, DONALD EDWARDS and ANNIE BROOKS, by and through their attorneys, Angela Lockett and The Law Office of Standish E. Willis, Ltd., and moves this court to quash the subpoena issued by Defendants to Plaintiff witness Larry Smith, and in support of said motion states as follows:

1. On January 18th, 2008, a final pretrial conference was held in which the Defendants objected to Plaintiff witness Larry Smith, stating that his contact information had not been presented to Defendants to allow the Defendants an opportunity to depose Mr. Smith in anticipation of trial. Plaintiff argued that Mr. Smith's information had been provided in supplementary Rule 26(a) disclosures. The Court held that if in fact the Defendants had attempted to subpoena Mr. Smith after the supplementary Rule 26(a) disclosures, than a short deposition of Mr.

Smith would be allowed.

2. In fact, after the pre-trial conference, Defendant's attorney Patrick Ruberry wrote a letter enclosing a copy of the subpoena which was returned undeliverable. (See Exhibit A). The subpoena was mailed out on May 9, 2007, with a deposition date of May 24, 2007. (See Exhibit B).

3. However, Defendant's counsel ignored the fact that after Plaintiffs' counsel was informed that the subpoena was returned undeliverable, Plaintiff sent out supplemental Rule 26(a) disclosures, which had a new address, was well as telephone number for Mr. Larry Smith, who is an attorney licensed in the state of Illinois. (See exhibit C). Plaintiff sent this information to Defendants on May 23, 2007. (See exhibit D).

4. Since receiving the information from Plaintiffs on May 23, 2007, Defendants have not made any attempt to serve Mr. Smith with notice of deposition, despite the fact that fact discovery did not formally close until July 16, 2007. Defendants have no subpoena or letter indicating that they made any attempt to depose Mr. Smith after May 23, 2007.

5. Defendants have noticed Mr. Smith up for a deposition in clear disregard for the court's ruling. As fact discovery has closed and we are on the eve of trial, any attempt to depose Mr. Smith is improper.

**WHEREFORE** Plaintiff respectfully request that the subpoena issued to Mr. Larry Smith be quashed.

Respectfully submitted,

The Law Office of Standish E. Willis

By: _/s/Angela Lockett__
    Attorney for Plaintiff

407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005