PJR/tab                                                             Our File No. 5574-25085

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
|       v. | ) No. 06 C 3110 |
| | ) |
| OFFICERS ROGOWSKI, NEGRON, | ) Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, | ) Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF | ) |
| MELROSE PARK, A MUNICIPAL | ) |
| CORPORATION, | ) |
| | ) |
|       Defendants. | ) |

**DEFENDANTS' MOTION TO BAR**

NOW COME the defendants, OFFICERS ROGOWSKI, NEGRON and SHANKLE, and the VILLAGE OF MELROSE PARK, a municipal corporation, by their attorneys, DOWD & DOWD, LTD., and pursuant to FRCP 26(e) and 37(c), move this court for entry of an order striking Plaintiffs' Second Rule 26(a)(1) supplemental disclosures and to also bar the plaintiffs from calling Dana Perry, M.D. as one of their witnesses. In support thereof, the defendants state as follows:

1.     On November 21, 2006, this court entered the parties' proposed scheduling order (See Exhibit A attached hereto). That order provided that the parties were to make their mandatory Rule 26(a)(1) disclosures on or before December 15, 2006. Plaintiffs filed their disclosures on or about December 15, 2006 (See Exhibit B attached hereto). The disclosures did not identify any treating physicians or medical professionals as witnesses.

2. On February 26, 2007, the executive committee entered an order referring this case to Magistrate Judge Geraldine Soat Brown for discovery supervision and to rule on Plaintiffs' motion to compel discovery (See Exhibit C attached hereto).

3. On May 23, 2007, Judge Brown entered an order that required the parties to serve supplemental Rule 26(a)(1) disclosures on or before May 29, 2007. Judge Brown's order also required the plaintiffs to serve their Rule 26(a)(2) disclosure on or before June 11, 2007. No such disclosures were ever made (See Exhibit D attached hereto).

4. Plaintiffs' counsel served supplemental disclosure that identified Kahlil Kharim as one of the treating physicians who might be called to offer testimony in this case.

5. On or about December 5, 2007, the final pretrial order was filed with this Honorable Court and Dana Perry, M.D. was not listed as a witness (A copy of the plaintiffs' witness list is attached hereto as Exhibit E).

6. On February 21, 2008, at approximately 12:25 p.m., Plaintiffs' counsel served a "Second Rule 26(a)(1) Supplemental Disclosure" which purports to identify Dana Perry as "the Westlake Hospital treating physician". Dana Perry has never been identified as a witness in this case and thus, Defendants were denied the opportunity to depose her or determine what, if anything, she knows about Mr. Edwards. Rule 26(e)(2) specifies that a party "is under a duty to seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party

      learns that the response is in some way, in some material respect, incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the parties during the discovery process or in writing". Rule 37(c)(1) provides sanctions for violations of the duty to supplement. It specifies "a party that without substantial justification fails to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed. In addition to or in lieu of this sanction, "the court, on motion and after affording an opportunity to be heard, may oppose the appropriate sanctions". Id.

7. Federal case law recognizes that the duty to supplement is to be taken seriously. It acknowledges that Rule 26(e) places an affirmative duty on an attorney to fully disclose and then supplement disclosure to his adversary. *See* Arthur v. Atkinson Freight Lines, Corp., 164 F.R.D.19 (S.D.N.Y.1995). The federal courts also recognize that a party may not free itself of the burden to fully comply with the rules of discovery by "attempting to place a heretofore recognized duty of repeated requests for information on its adversary". Id. at 20; *See also* Alldred v. City of Granada, 988 F.2d 1425, 1435 (5th Cir.1993) (holding that Rule 26(e) independently imposes disclosure obligations, irrespective of whether motion to compel or a motion to supplement prior discovery responses was ever tendered); and Scranton Gillette Communications, Inc., v.

    Dannhusen, 96 C 8353, 1998 WL 56668*1 (N.D.Ill. Aug.26, 1998) (the general purpose of the Federal Rules of Civil Procedures is to promote liberal discovery in an effort to narrow the issues for trial and to prevent unfair surprise).

8. Rule 26(e)(2) imposes a duty on a party "to amend and supplement prior responses to discovery requests when its prior response is known to be incomplete or incorrect and the correction is not otherwise communicated to the other party" during discovery). The rules of discovery obligate a party to turn over "not only proper materials of which he is aware, but also those of which he reasonably ought to have been aware". Arthur, 164 F.R.D. at 20.

9. Here, the plaintiffs have identified a new treating physician on the very eve of trial. They have not accompanied this late disclosure with any type of motion explaining why the identity of this physician was not made known to defense counsel until the day before jury selection is set to commence. Surely Plaintiffs' counsel knew or should have known of Dr. Perry's identity. If Plaintiffs' counsel did not know, surely Mr. Edwards was aware of the physician who provided treatment to him in the emergency room.

10. The courts of this circuit have acknowledged that the district court's discretion in determining whether discovery orders have been violated is especially broad. Shine v. Owens-Illinois, 979 F.2d 93, 96 (7th Cir.1996). The 7th Circuit courts have also determined that "there is no sliding scale

of sanctions under Rule 37" and in the Rule 26(a) context, the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. Westerforce v. Snyder, 422 F.3d 570, 584 (7th Cir.2005).

11. Mr. Edwards and his counsels were certainly in a position to identify and disclose the doctor or doctors who provided him with medical treatment and yet failed to do so until less than 24 hours before jury was to be selected.  Had Dr. Perry been disclosed in a timely fashion, Defendants would have the option of deposing her and selecting an expert to counter any testimony that she may wish to offer.  In view of the imminent trial date, this option is not feasible. Defendants should not be required to engage in last minute discovery because of lapses attributable to Plaintiff and his counsels.

WHEREFORE, Defendants pray as follows:

That this court impose sanctions pursuant to Rule 37(c)(1), including, but not limited to barring the plaintiffs from calling Dana Perry as a witness at the trial of this cause and for any additional relief the court deems appropriate.

> DOWD & DOWD, LTD.
>
> By:  /s/ Patrick J. Ruberry
> Attorneys for Defendants Rogowski, Negron, Shankle, and Village of Melrose Park

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400

## **CERTIFICATE OF SERVICE**

I, an attorney, state that Defendants' Motion to Bar was served electronically to all law firms of record via ECF on February 21, 2008.

                DOWD & DOWD, LTD.

By:   /s/ Patrick J. Ruberry
        Attorneys for Defendants Rogowski, Negron, Shankle, and Village of Melrose Park

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400