THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 06 C 3110 |
| ) | |
| OFFICERS ROGOWSKI, NEGRON, ) | Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, ) | Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF ) | |
| MELROSE PARK, A MUNICIPAL ) | |
| CORPORATION, ) | |
| ) | Trial Date: 2/25/08 |
| Defendants. ) | |

**MOTION TO INTRODUCE TRANSCRIPTS OR FOR JUDICIAL NOTICE IN LIEU OF CERTIFIED DISPOSITION**

NOW COMES Plaintiffs, DONALD EDWARDS and ANNIE BROOKS, by and through their attorneys, Angela Locket and Standish E. Willis, of the Law Office of Standish E. Willis, and Brendan Shiller, with the instant motion, and in support states as follows:

**Background**

Plaintiff was charged, tried, and found not guilty on three misdemeanor charges. Because Defendant was found not guilty, and has no convictions, he moved for and was granted expungement. As a result, there is no record of his case in the Cook County Clerk of the Circuit Court's system. Consequently, the request for a certified disposition was denied, because the Clerk cannot provide a certified disposition of a case that as far as they know never existed.

**Analysis**

That Defendant was acquitted is a fact that is relevant to his claim of malicious prosecution. Although it is fact that cannot be disputed that Defendant was acquitted, it is not one of the stipulated facts in the pretrial order.

1. The Court Can Take Judicial Notice And Order The Jury To Accept It As A Fact

Records, dispositions, and rulings from previous trials are proper matters for judicial notice. *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003). These facts are generally ruled to be within the real of "common knowledge." *See Newcomb v. Brennan*, 558 F.2d 825 (7th Cir. 1977) (noting that "A court may take judicial notice of facts of "common knowledge" in ruling on a motion to dismiss. [citations omitted] We hold that matters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.").

The Seventh Circuit thoroughly examined the appropriateness of taking judicial notice of facts within a court record for a motion to dismiss in *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074 (7th Cir. 1997). First, the Court noted, "[a] court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned.'" *General Elec.*, 128 F.3d at 1081, citing Fed.R.Evid. 201(b) and *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995).

Although the criminal case against Edwards was expunged, it is without dispute that he was acquitted, that it occurred within the Northern District of Illinois, and the veracity of this undisputed fact can be tested by simply going to the transcripts of the trial.

Further, the mere fact that the records was expunged (and not sealed) is evidence in and of itself that Edwards was acquitted. See generally , IL ST CH 20 § 2630/5 and IL ST CH 730 § 5/5-5-4.

## Conclusion

For the foregoing reasons, Plaintiff requests that this Court take judicial notice of the fact that he was acquitted on the criminal charges, and inform the jury that the acquittal is a fact that they must consider true.

Respectfully submitted,

The Law Office of Standish E. Willis

By: s//Angela Lockett
    Angela Lockett

407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005