THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 06 C 3110 |
| ) | |
| OFFICERS ROGOWSKI, NEGRON, ) | Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, ) | Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF ) | |
| MELROSE PARK, A MUNICIPAL ) | |
| CORPORATION, ) | |
| ) | Trial Date: 2/25/08 |
| Defendants. ) | |

**MOTION IN LIMINE TO BAR ANY ATTEMPT BY DEFENDANTS TO BACK-DOOR IN PLAINTIFF EDWARDS' POST-INCIDENT ARREST**

NOW COMES Plaintiffs, DONALD EDWARDS and ANNIE BROOKS, by and through their attorneys, Angela Locket and Standish E. Willis, of the Law Office of Standish E. Willis, and Brendan Shiller, with the instant motion in limine, and in support states as follows:

**Factual Background**

Plaintiff Donald Edwards had never been arrested prior to the incident alleged in the instant case. Two weeks after this incident, Edwards was arrested and charged with misdemeanor assault to an officer. The charges were dismissed.

Defendants claim that Edwards made two rather incredible post-arrest statements (that are the subject of a separate motion). These statements are "It

usually takes about ten of your fuckers to get me. The last time it took six cops to get me down. You guys ain't shit." And, "You like that OC spray, I eat that shit for breakfast."

## Procedural Background

Defendants sought to bring in the arresting officer as a witness. Judge Lefkow ruled that the Defendants could not bring in the officer to testify, in anyway to the existence of the arrest or the alleged conduct that led to the arrest. During the argument, Defendants raised various possible bases for relevancy, all of which were denied—in so much as any testimony would discuss the arrest or the basis for the arrest.

## Analysis

*1. Arrests Without Convictions Are Not Admissible*

It is axiomatic that prior arrests that do not lead to convictions are inadmissible. *Anderson v. Sternes*, 243 F.3d 1049, 1054 (7th Cir. 2001). ("The law is clear that a defendant's prior arrest record is inadmissible, and while reference to Anderson's past arrest was only indirect, it was still improper"). Therefore any reference to Edward's arrest, even if it is indirect or "unintentional" may be grounds for reversal on appeal. Id., at 1054.

Further, any arguments that could possibly be mustered for the relevance of an indirect reference will almost always be rejected as more prejudicial than probative. *See e.g. Jones v. Scientific Colors, Inc.*, 2001 WL 668943 (N.D. IL 2001)(the introduction of such evidence works "more to confuse than enlighten"); *Brandon*

*v. Village of Maywood*, 279 F.Supp 2d 847, 835-855 (N.D. IL 2001) (considered all possible bases of relevance including bias and damages, and concluded that prejudiced outweighed probative value); *Blessing v. Kulak*, 1988 WL 67637 (N.D. IL 1988) (finding that all of the various arguments for admissibility were outweighed by the prejudice).

The basis problem is that a "jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent." *Early v. Denny's, Inc.*, 2002 WL 31819021, at 8 (N.D. IL 2002).

*2. Asking Edwards About Any Arrest Prior To The Incident Does Not Open The Door To The Post-Incident Arrest*

If Defendants are allowed to introduce the two alleged post-arrest statements, then Plaintiff will discredit the veracity of these statements, in part, by pointing out that he had never been arrested and never been sprayed with any type of compliance substance. These facts tend to make it less likely that Edwards would make such outrageous statements as alleged.

Plaintiff's testimony, however, that he had never been arrested prior to the incident should not open the door to any reference of the post-incident arrest.

First, it is not relevant. The purpose of the testimony regarding any lack of arrests prior to the incident is to cast doubt on the alleged statement "It

usually takes about ten of your fuckers to get me. The last time it took six cops to get me down. You guys ain't shit." Any post-incident arrest does not shed any light on this factual dispute.

Second, even if it was probative, the prejudicial value would clearly outweigh the probative value. *See Jones v. Scientific Colors, Inc.*, 2001 WL 668943 (N.D. IL 2001).

## Conclusion

For the foregoing reasons, Plaintiff requests an order denying any mention or reference to his post-incident arrest, including if Plaintiff introduces testimony that he had never been arrested prior to the incident claimed of in the instant case.

          Respectfully submitted,

          The Law Office of Standish E. Willis

          By: s//Angela Lockett
               Angela Lockett

407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005