THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 06 C 3110 |
| ) | |
| OFFICERS ROGOWSKI, NEGRON, ) | Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, ) | Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF ) | |
| MELROSE PARK, A MUNICIPAL ) | |
| CORPORATION, ) | |
| ) | Trial Date: 2/25/08 |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JURY INSTRUCTION**

NOW COMES Plaintiffs, DONALD EDWARDS and ANNIE BROOKS, by and through their attorneys, Angela Locket and Standish E. Willis, of the Law Office of Standish E. Willis, and Brendan Shiller, with the instant motion in limine, and in support states as follows:

**Background**

Plaintiffs filed a seven count complaint against Defendants stemming from an incident on June 23, 2005, in which Plaintiff Donald Edwards alleges the Melrose Park police used excessive force, arrested him falsely, maliciously prosecuted and committed assault and battery against his person. Plaintiff Annie Brooks has bought one count for intentional infliction of emotional distress.

One of the issues which will arise at trial will be whether Plaintiff Edwards committed a crime when he ran from Melrose Park police on June 23,

2005. Plaintiff maintains that he was privileged to walk and/or run away from the officers as he was not under arrest at the time he ran. Plaintiff now seeks a pretrial ruling on two requested jury instructions (See attached Exhibit A and B) which can assist in Plaintiffs' opening statement.

1. Jury Instruction About Reflexive Flight

In this case, the evidence will show that Plaintiff Edwards took off running after he was sprayed in his face with mace by Officer Rogowski. Under Illinois law, if a person's resistance to an arrest was induced by an officer spraying mace in that person's face, that cannot form the probable cause for a resisting arrest. *See People v. Crawford*, 152 Ill.App.3d 992, 994, 505 N.E.2d 394 (4th Dist. 1987), (citing *People v. Karlovich*, 10 Ill. App.3d 354, 293 N.E.2d 655 (5th Dist. 1973)).

2. Jury Instruction About Absolute Right to Decline Officer Contact

The facts in this case indicate that at the time Plaintiff Edwards was stopped by Lt. Rogowski, Edwards was not under arrest. As such, Edwards had an absolute right to decline speaking to the officer and any flight would not serve as the probable cause necessary for an arrest.

Under Illinois law, "[t]he flight of a person from the presence of police is not standing alone sufficient to establish probable cause" for arrest. *People v. Moore*, 286 Ill.App.3d 649, 654, 676 N.E.2d 700 (3rd Dist. 1997). "Were it otherwise, 'anyone who does not desire to talk to the police and who either walks or runs away from them would always be subject to legal arrest,' which can hardly 'be

countenanced under the Fourth and Fourteenth Amendments.'" *Id*. (quoting 2 W. LaFave, Search & Seizure § 3.6(e), at 323-24 (3d ed. 1996)).

## Conclusion

As Illinois law clearly supports the jury instructions, Plaintiff respectfully requests an early ruling so that Plaintiff can highlight certain facts during opening statements.

            Respectfully submitted,

            The Law Office of Standish E. Willis

            By: s//Angela Lockett
                 Angela Lockett


407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005