PJR/tab                                                         Our File No. 5574-25085

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06 C 3110 |
| | ) |
| OFFICERS ROGOWSKI, NEGRON, | ) Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, | ) Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF | ) |
| MELROSE PARK, A MUNICIPAL | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### PHILIP NEGRON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the defendants, OFFICER PHILLIP NEGRON, by his attorneys, DOWD & DOWD, LTD., and moves this court for entry of an order granting him judgment as a matter of law as to Counts II and V of the plaintiff's complaint. In support thereof, the defendant states as follows:

1. The plaintiffs' complaint comprises six counts, five of which name Officer Phillip Negron. The various counts and the claims set forth for each count are identified below:

- Count I (42 U.S.C. Section 1983 – excessive force);
- Count II (42 U.S.C. Section 1983 – false arrest);
- Count III (Supplemental state claim for assault and battery);
- Malicious prosecution under Illinois law;
- Count V (Intentional infliction of emotional distress under Illinois law);
- Count VI (Respondeat superior under Illinois law/City of Chicago).

A copy of the Plaintiffs' complaint is attached hereto as Exhibit A.

2. Phillip Negron is entitled to judgment as matter of law as to Counts II and IV for the simple reason that Plaintiffs are unable to establish the prima facie elements of their 1983 false arrest claim and their state law claim for malicious prosecution.

3. 7th Circuit case law teaches that claims which allege the seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard. Acevedo v. Canterbury, 457 F.3d 721, 724 (7th Cir.2006). In order to prevail on his Fourth Amendment claim against Phillip Negron, the plaintiff must plead and prove the following: (1) Defendant arrested the plaintiff; (2) Defendant did not have probable cause to arrest the plaintiff; and (3) Defendant was acting under color of law. *See* 7th Circuit Patterned Instruction 7.05. An officer whose only involvement is to transport an arrestee is not liable under Section 1983 for the arrest and detention. Morfin v. City of East Chicago, 349 F.3d 989, 1000-01 (7th Cir.2003).

4. Edwards' own testimony dooms his unlawful arrest claim. He freely admitted that he was in custody and handcuffed before Officer Negron ever arrived at the scene of this incident. Inasmuch as Negron's involvement in the actual arrest was limited to transporting Edwards from the scene to the Melrose police station, he cannot be held liable under the Fourth Amendment for unlawful arrest. Additionally, it is undisputed that Officer Negron did not sign any complaints and was not responsible for arresting Edwards.

5. Mr. Edwards' malicious prosecution claim should be dismissed inasmuch as he has failed to produce evidence which shows that Officer Negron signed a complaint or, to add words, "gave false statements against the plaintiff to the prosecution" (See paragraph 19 of Count 4). In view of Officer Negron's non-

involvement in both the arrest and prosecution, he is entitled to judgment as a matter of law as to Count IV.

6. Inasmuch as the plaintiffs are unable to establish the first element of his unlawful arrest claim, Officer Negron is entitled to judgment as a matter of law as to Count II.

7. Officer Negron is likewise entitled to judgment as a matter of law as to Count III. In order to prevail on a malicious prosecution claim under Illinois law, a plaintiff must establish (1) the commencement or a continuance of an original or civil judicial proceeding by the defendants; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceedings; (4) the presence of malice; and (5) damages. Logan v. Caterpillar, Inc., 246 F.3d 921, 921-22 (7th Cir.2000). Edwards has failed to produce any evidence which would enable a reasonable trier of fact to conclude that Officer Negron instituted legal proceedings against him. None of the complaints admitted into evidence were signed by Officer Negron and Edwards has produced no evidence which shows that Officer Negron directed or pressured the officers to swear out complaints against Edwards.

8. Under Count V, the plaintiff attempts to allege a state law claim of intentional infliction of emotional distress. She alleges that Officer Negron beat her son right in front of her and did so while saying "please, stopping beating my son" (See paragraphs 18-19 of Count V). At trial, Edwards admitted that Officer Negron did not beat or attack him at the scene of this incident. While Edwards claims that he was beaten at the station, it is undisputed that Brooks was not present when the alleged beating took place. In order to succeed on her allegations of intentional

infliction of emotional distress, Brooks must establish that (1) Defendants' conduct was extreme and outrageous; (2) Defendants either intended or knew that there was a high probability that the conduct would cause severe emotional distress; and (3) Defendants' conduct in fact caused severe emotional distress. *See* Cook v. Winfrey, 141 F.3d 322, 330 (7th Cir.1998). Brooks is unable to establish any one of three requisite elements. Since it is undisputed that Officer Negron did nothing more than drive the plaintiff from the scene to the station, his conduct can in no way be characterized or considered extreme and outrageous. Similarly, since Officer Negron committed no act or omission in Brooks' presence, he is unable to show that the intended or knew that there was a high probability that his conduct, or non-conduct in this case, would cause severe emotional distress. Given Brooks' obvious failure to establish the three elements of her IIED claim, Officer Negron is entitled to judgment as a matter of law as to Count V.

WHEREFORE, Defendant prays as follows:

DOWD & DOWD, LTD.

By: /s/ Patrick J. Ruberry
Attorneys for Defendant, Phillip Negron

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL 60661
Tx: 312/704-4400

# CERTIFICATE OF SERVICE

I, an attorney, state that Defendant Negron's Motion for Judgment as a Matter of Law was served electronically to all law firms of record via ECF on February 26, 2008.

DOWD & DOWD, LTD.

By: /s/ Patrick J. Ruberry
Attorneys for Defendant, Phillip Negron

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL 60661
Tx: 312/704-4400