PJR/tab                                                    Our File No. 5574-25085
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06 C 3110 |
| | ) |
| OFFICERS ROGOWSKI, NEGRON, | ) Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, | ) Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF | ) |
| MELROSE PARK, A MUNICIPAL | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**LESLIE SHANKLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES the defendant, LESLIE SHANKLE, by her attorneys, DOWD & DOWD, LTD., and pursuant to FRCP 50, moves this court for entry of an order granting her judgment as a matter of law as to Counts I, II, III and IV of the plaintiff's complaint. In support thereof, the defendant states as follows:

1.      The plaintiffs' complaint comprises six counts, five of which are directed against Leslie Shankle. Counts I and II are brought pursuant to 42 U.S.C. Section 1983 and purport to seek relief for unlawful arrest and excessive force, respectively. Count III attempts to state a claim for battery, while Count IV alleges malicious prosecution. Under Count V, the plaintiff alleges a state law claim of intentional infliction of emotional distress.[1]

2.      In order to hold a defendant liable under Section 1983 a plaintiff must prove that the defendant in question participated in the alleged violation. Here, the plaintiff

---

[1] Leslie Shankle has moved together with the remaining defendants for judgment as a matter of law as to Count V.

1

has only shown that Leslie Shankle was present at the arrest but can produce no evidence or testimony which shows that she was personally involved in any alleged act of excessive force. Both plaintiffs testified that "the defendants pounced on Mr. Edwards" but neither could identify any specific act attributable to Officer Shankle. Thus, she is entitled to judgment as a matter of law as to Edwards' excessive force claim.

3. With respect to Count II, Plaintiffs have failed to produce any evidence which shows that Leslie Shankle was the officer responsible for placing him under arrest. Again, while Plaintiff has proved Officer Shankle was present, he has failed to produce any evidence which shows that she was personally involved in the arrest.

4. With respect to Plaintiff's battery claim, the plaintiff has failed to produce any evidence which shows that Officer Shankle actually battered her. When asked to identify when and where Officer Shankle struck him, Mr. Edwards was unable to do so. In view of his failure to show that Officer Shankle struck him or otherwise subjected him to offensive contact, Officer Shankle is entitled to judgment as a matter of law as to Count III.

5. Officer Shankle is entitled to judgment as a matter of law as to Count IV inasmuch as the plaintiff has failed to produce any evidence which show that she was responsible for instituting or commencing any criminal proceedings that were filed against Edwards. The elements of a malicious prosecution claim under Illinois laware: commencement or continuation of the original or civil judicial proceeding by the defendant; termination of the proceeding in favor of the plaintiff; absence of probable cause for proceeding; presence of malice and institution of the original

action; and damages to the plaintiff. Shaw Stabler v. Tilgner, 173 Ill.App.3d 843, 527 N.E.2d 1093, 1094 (1988). To be liable for malicious prosecution, a defendant either must have initiated a criminal proceeding or his participation in it must have been so active and positive a character as to amount to advice and cooperation. Denton v. Allstate Insurance Company, 152 Ill.App.3d 578, 583, 504 N.E.2d 756 (1986). Where the defendant did not actually commence or institute the proceedings, the officer or complainant may not be held liable unless he used improper influence on the prosecutor or made knowing misstatements to the prosecutor in order to secure prosecution. Reed v. City of Chicago, 77 F.3d 1049, 1053 (7th Cir.1996); Newsome v. James, 968 F.Supp.1318, 1323 (N.D.Ill.1997). The federal courts, including the Supreme Court, have noted that a "malicious prosecution against police officers is 'anomalous'". *See* Reed v. City of Chicago, 77 F.3d 1049 at 1053. The courts of this circuit recognized as much since it is the State's Attorney, not the police, who prosecute a criminal action. Id.

6.  Here the plaintiffs have produced no evidence which indicate that Leslie Shankle signed a complaint against him or otherwise instituted criminal charges. Additionally, there is no evidence in the record which suggests that Leslie Shankle used improper influence on the prosecutor or made knowing misstatements to the prosecutor in order to secure the prosecution. Finally, the record is devoid of any evidence of malice on the part of Leslie Shankle.

WHEREFORE, Defendant prays that this court grant Leslie Shankle judgment as a matter of law as to Counts I, II, III and IV of the complaint.

DOWD & DOWD, LTD.

By: /s/ Patrick J. Ruberry
Attorneys for Defendant, Leslie Shankle

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL 60661
Tx: 312/704-4400

**CERTIFICATE OF SERVICE**

    I, an attorney, state that Defendant Shankle's Motion for Judgment as a Matter of Law was served electronically to all law firms of record via ECF on February 26, 2008.

                                DOWD & DOWD, LTD.

                By:    /s/ Patrick J. Ruberry
                                Attorneys for Defendant, Leslie Shankle

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400