PJR/tab                                                           Our File No. 5574-25085
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 06 C 3110 |
| ) | |
| OFFICERS ROGOWSKI, NEGRON, ) | Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, ) | Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF ) | |
| MELROSE PARK, A MUNICIPAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COME the defendants, LESLIE SHANKLE, STEVEN ROGOWSKI, and PHILIP NEGRON, by their attorneys, DOWD & DOWD, LTD., and move this court for entry of an order granting them judgment as a matter of law as to Counts V of the plaintiffs' complaint (Annie Brooks' intentional infliction of emotional distress).  In support thereof, the defendants state as follows:

1. In order to succeed on her allegations on intentional infliction of emotional distress (IIED) against Defendants, Brooks must establish that: (1) Defendants' conduct was extreme and outrageous; (2) Defendants either intended or knew that there was a high probability that the conduct would cause severe emotional distress; and (3) Defendants' conduct in fact caused severe emotional distress. Cook v. Winfrey, 143 F.3d 322, 330 (7th Cir.1998).

2. With respect to the first element, liability may be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency". Harriston v. Chicago Tribune Company,

992 F.2d 697, 702 (7th Cir.1993). The law will intervene only "where the distress inflicted is so severe that no reasonable person could be expected to endure it". Id. at 703. The courts in this circuit are to utilize an objective standard in determining whether the alleged conduct was extreme and outrageous. Id. As a result, in order for a defendant to be held liable, the conduct "must be such that the recitation of facts to an average member of the community would arouse his resentment against the actor, and lead to him exclaim "outrageous". Van Stan v. Fancy Colours & Company, 125 F.3d 563, 567 (7th Cir.1997) (quoting Doe v. Calumet City, 641 N.E.2d 498, 507 (1994).

3. In is insufficient to show that a defendant has acted with an intent which is tortious or even criminal, that he intended to inflict emotional distress, or that his conduct was been characterized by "malice", or to a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Cook, 141 F.3d at 331 and Van Stan, 125 F.3d at 567. Established precedent also holds that under Illinois law, a claim for intentional infliction of emotional distress does not arise from "threat, insults, indignities, annoyances, or petty oppressions, coercion, abuse of a power or authority, and harassment. The conduct must go beyond all bounds of decency and be considered intolerable in a civilized community". Brackett v. Galesburg Clinic Association, 689 N.E.2d 406, 409 (3rd Dist.1997).

4. The emotional distress required to support the cause of action must be so severe that no reasonable person could be expected to endure it. Adams v. Sussman Herzberg, Ltd., 684 N.E. 935, 942 (1st Dist.1997). The infliction of such emotional distress as fright, horror, grief, shame, humiliation and worry is not sufficient to give

rise to an IIED cause of action. Knysak v. Shelter Life Insurance Company, 652 N.E.2d 832, 840 (Ill.App.Ct.1995) (Plaintiff failed to show requisite severity of emotional distress with plaintiff, who alleged that his wife was wrongfully denied insurance coverage for medical bills stemming from her stroke, testified that "he was upset, very nervous, and very depressed". . .). The duration and intensity are factors considered in determining the severity of the emotional distress. Davis, 66 Ill.2d at 90. Stress, nervousness and anxiety and sleeplessness that do no require any medical treatment are not severe emotional distress. See Swanson v. Swanson, 121 Ill.App.2d 182, 257 N.E.2d 194, 196 (1970); Knierim v. Izzo, 22 Ill.2d 73, 174 N.E.2d 157, 164 (1961) (Stating that severe emotional distress is required because indiscriminate allowance of actions for mental anguish would encourage neurotic overreactions to trivial hurts). Headaches, stress, crying is not sufficiently severe emotional distress to survive summary judgment under applicable case law. *See* Maclin v. A.M.Bus Company, Inc., 2006 WL 46337 (N.D.Ill.2006)*40.

5.      Here, the defendants are entitled to judgment as a matter of law inasmuch as Brooks has not and cannot produce any medical evidence or medical testimony concerning any injury or condition that she attributes to the alleged incident (See Court's ruling on Defendants' Motion in Limine #9). While she claims that she was upset and "went to bed for three days", she has not seen a psychiatrist or other mental health care practitioner as a result of any conduct, act, or omission that she attributes to the defendants. See Farrar v. Bracamondes, 332 F.Supp.2d 1126, 1131 (N.D.Ill.2004). Her testimony concerning alleged fright, horror, grief, shame, humiliation or worry will not sustain her IIED cause of action. Likewise, any alleged

stress or nervous or depression will not satisfy the third and final element of the claim.  Finally, the plaintiff has admitted that she has not seen a doctor or mental health practitioner as a result of any action, complaint, act or omission that she attribute to the defendants.

WHEREFORE, Defendants pray for entry of an order granting them judgment as a matter of law as to Count V and for any additional relief the court deems proper.

                                              DOWD & DOWD, LTD.

                              By:    /s/ Patrick J. Ruberry
                                                Attorneys for Defendants Shankle, Rogowski, and Negron

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400

# CERTIFICATE OF SERVICE

I, an attorney, state that Defendants' Motion for Judgment as a Matter of Law was served electronically to all law firms of record via ECF on February 26, 2008.

                                    DOWD & DOWD, LTD.

                    By:    /s/ Patrick J. Ruberry
                              Attorneys for Defendants Shankle, Rogowski and Negron

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400