PJR/tab                                                                                           Our File No. 5574-25085

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | No. 06 C 3110 |
| ) | |
| OFFICERS ROGOWSKI, NEGRON, ) | Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, ) | Magistrate Judge Soat Brown |
| JANE DOE AND THE VILLAGE OF ) | |
| MELROSE PARK, A MUNICIPAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

NOW COME the defendants, LESLIE SHANKLE and STEVEN ROGOWSKI, by their attorneys, DOWD & DOWD, LTD., and in response to Plaintiffs' motion for attorneys' fees, state as follows:

1.   The plaintiffs have filed a two-page motion for attorneys' fees, which purports to identify hourly rates as well as attorney time devoted to this matter.  Given opposing counsel's complete and utter failure to comply with Local Rule 54.3, the motion should be denied in its entirety.

2.   Local Rule 54.3 requires prevailing parties seeking attorneys' fees to confer with opposing counsel in an attempt to amicably settle disputes as a prerequisite to filing a motion for fees.  Long Company v. Hawaii Baking Company, 2003 WL 262421, *1 (N.D.Ill.Jan 29, 2003).  Local Rule 54.3 applies to all motions for attorneys' fees.  Before filing a motion for attorneys' fees, the parties are required to submit a joint statement listing the fees, hourly rates, and scope of the parties' disagreement.  Penn v. New Edge Network, Inc., 2003 WL 22765048 (N.D.Ill.2003).  The failure to observe the requirements of Local Rule 54.3 bars a party's motion for costs and attorneys' fees.  See

Local Rule 54.3(b); <u>Helms v. Local 705 International Brotherhood of Teamsters Pension Plan</u>, 2002 WL 356516, *3 (N.D.Ill.2002); <u>Long</u>, 2003 WL 262421 at *1.

3.  Since the plaintiff has made absolutely no attempt to comply with Local Rule 54.3 and has failed to submit the information required by the Local Rules and the Federal Rules of Civil Procedure, the plaintiffs have waived any claim to taxable costs and attorneys' fees. As a result, the motion for attorneys' fees and costs should be denied in all respects.

WHEREFORE, the defendants pray that this court enter an order denying Plaintiffs' motion for attorneys' fees with prejudice and for any additional relief the court deems proper.

                DOWD & DOWD, LTD.

By:   /s/ Patrick J. Ruberry
       Attorneys for Defendants,
       LESLIE SHANKLE and STEVEN ROGOWSKI

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400

**CERTIFICATE OF SERVICE**

I, an attorney, state that Defendants' response to Plaintiffs' motion for attorneys' fees was served electronically to all law firms of record via ECF on March 24, 2008.

By:   /s/ Patrick J. Ruberry
      Attorney for Defendants,
      LESLIE SHANKLE and STEVEN ROGOWSKI

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500