THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARDS and ANNIE BROOKS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06 C 3110 |
| | ) |
| OFFICERS ROGOWSKI, NEGRON, | ) Judge Joan Lefkow |
| SHANKLE, JOHN DOE, JOHN SKOE, | ) Tried before Judge Coar |
| JANE DOE AND THE VILLAGE OF | ) |
| MELROSE PARK, A MUNICIPAL | ) Magistrate Judge Soat Brown |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**COMBINED MOTION FOR LEAVE TO FILE REPLY, AND FOR LEAVE TO
SUPPLEMENT INITIAL FEE PETITION FILING**

NOW COMES Plaintiff, DONALD EDWARDS, by and through his attorneys,

Angela Locket and Standish E. Willis, of the Law Office of Standish E. Willis, and Brendan

Shiller, with the instant motion and in support states as follows:

**Background**

On June 6, 2006, Plaintiffs filed a six count complaint against individual defendants

Leslie Shankle, Phillip Negron and Steven Rogowski. Plaintiff Edwards alleged an excessive

force (Count 1), a false arrest (Count 2), a battery (Count 3), and a malicious prosecution

(Count 4) against all three defendants. (R. 1).  Plaintiff Brooks alleged intentional infliction

of emotional distress against all three defendants (Count 5). (R. 1).

On October 30, 2007, Plaintiffs voluntarily dismissed the false arrest claim as against

Phillip Negron. (R. 54).  The jury trial began on February 22, 2008. (R. 94).  Following the

close of evidence, Defendants filed four written motions for judgment as a matter of law. (R.

97-100). The Court granted the motion to dismiss as to Count 4. (R. 104).  Plaintiff Brooks

voluntarily dismissed the intentional infliction of emotional distress claim as against Officer

Negron. (R. 104).  At this point in the proceedings, the only remaining counts against Negron were for excessive force and battery as claimed by Edwards.  The Court denied all other motions to dismiss. (R. 105).

On February 28, 2008, the jury returned a verdict, finding Defendant Rogowski liable on all remaining counts (1, 2, and 3); finding Defendant Shankle liable on counts 2 and 3, but not liable on Count 1, and finding Negron not liable on counts 1 and 3. (R. 109).  Judgment was entered by the court reflecting the jury verdict. (R. 111). On March 19, 2008, Plaintiff filed a fee petition, conceding failure to comply with Local Rule 54.3. (R. 115).  That petition was denied without prejudice, with leave to refile on or before June 16, 2008. (R. 118). On March 28, 2008, all defendants filed a "cost petition" seeking costs pursuant to FRCP Rule 54(a) as against Plaintiff Brooks. (R. 119).  Defendant Negron filed a "cost petition" seeking the exact same costs as only Donald Edwards. (R. 121). On March 31, 2008, Plaintiffs filed their memorandum in opposition to these costs petitions. (R. 123).

In the interim, Plaintiffs' and Defense counsel communicated back and forth regarding the pending fee petition. Included in these communications were the transmittal of several documents, including handwritten time sheets as well as various affidavits.

On June 16, 2008, Plaintiffs filed their fee petition, which included the joint statement of the parties pursuant to Local Rule 54.3, a memorandum of law in support of Plaintiffs' position, and an itemization of Defendants' objections.  (R. 128). Not included in this filing were many of the supporting documents. Plaintiffs filed their memorandum of law because they were aware of seven outstanding disputes: "(1) the hourly rate of Attorneys Lockett, Willis and Harris; (2) the application of the Lodestar method to this petition for fees; (3) if the hours billed were excessive; (4) if Plaintiff's block billed; (5) if the number of attorneys working on Plaintiff's case was excessive; (6) whether Plaintiff's counsel has

separated compensable from non-compensable claims; and (7) if Plaintiff's costs are proper."
(R. 128, Ex. 2).

After further communications between counsel, Defendants filed a motion for leave
to file a response as well as a response to Plaintiffs memorandum of law. (R. 131). In their
proposed response memorandum, Defendants make four arguments: 1) that no fee should be
allowed; 2) that if allowed, the fee should not be based on the lodestar method; 3) that if the
lodestar method is used, it should be reduced downward; and 4) (with seven sub-parts) that
the hours expended were excessive and unreasonable.

In making the Fourth argument, Defendants complain of: 1) block billing; 2) billing
for work on claims for which Edwards did not prevail; 3) billing for intra-office conferences;
4) the necessity of three attorneys; 5) certain costs; 6) non-legal work; and 7) and hours of
work performed by Brendan Shiller prior to his filing of his appearance.

The motion for the leave to file the response was initially set for June 26, 2008, but
was reset by order of the Court for July 7, 2008. (R. 132 and 133).

Certain items not included in Plaintiffs original filing that may be necessary for this
Court to make rulings include: 1) affidavits by other attorneys in support of each counsel's
suggested fee rate; and 2) the hours log for each counsel.

### Analysis

Plaintiff is making two distinct requests with the instant motion.  Each request will be
addressed separately.

### I.      Motion for Leave To Supplement Initial Filing

This Court has broad discretion in awarding costs and fees, and in not awarding costs
and fees. *Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d
763, 767 (7th Cir.2002). Further, this Court's ruling will not be overturned absent a clear
abuse of that discretion. *Id*. This is in part, because Rule 54 is a unique conglomeration of the

American rule for attorney fees, American equity court rules, and the English rule for certain costs. See 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice And Procedure § 2665, at 199-200 (3d ed.1998).

Consequently, the decision made by this Court will, in all likelihood, be the final say on the matter at hand.

Given that Defendants, in their response, attack both the rates of counsels, as well as the necessity of certain hours, in order to make an informed ruling, this Court should have the underlying documents to review.

This Court not only has broad discretion in determining the appropriate attorneys fees, it has broad discretion in setting the parameters for what it will consider, and when and how it will consider arguments and supporting documentation. *See e.g. Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 564 and 569-570 (7th Cir. 2006) (both noting the propriety of the Court's decision to consider Defendant's objections that were not in concert with Rule 54.3; and upholding the granting of nearly $500,000 in fees on a case where the judgment was for about $50,000).

For several of these arguments, the Court should have the advantage of viewing all of the documents that each party was discussing.

When Plaintiffs filed the joint statement and memorandum in support of the attorneys fees, they were not aware of Defendants' putative memorandum.  Although they were aware of most of the specific objections, it did not occur to Plaintiffs counsel that all of the supporting documents might be necessary to this Court's ruling.

Consequently, for the foregoing reasons, Plaintiffs request leave to supplement the initial fee petition filing.

II.     **Leave To File A Reply**

In their proposed response, Defendants raise new arguments and issues that were not addressed in Plaintiffs original memorandum.  For this reason, Plaintiff is seeking leave to file the attached reply, if Defendants are given leave to file their response.

Plaintiffs are fully aware that the policy and purpose behind Local Rule 54.3 is to avoid litigation over attorneys' fees.  It is the Court's considered and collective determination that most fee petition issues should be worked out amongst the parties.

On occasion, however, whether it be because of the issues involved, or the individuals discussing them, self-adjudication just does not work.

This Court has not yet ruled on Defendants' Agreed Motion For Leave To File its Response.  Undoubtedly, this Court has some concern that there are many outstanding issues that seemingly should have been resolved by the Rule 54.3 process.

A closer look at the proposed response, however, reveals that it was not the process envisioned by Rule 54.3 that has brought the parties to this point.  Nor, is the problem the individuals.  All counsels have fairly and honestly communicated.

The basic breakdown comes from a fundamental disagreement over the applicable laws.  The Defendants believe and contend (as they wrote in the proposed response) that Plaintiffs are not entitled to any fee recovery, and that if they are entitled to fee recovery that they should not receive fees based on the lodestar method.

Given that the starting point for communications is this wide gulf over whether any attorneys' fees should be awarded at all, it is not surprising that little agreement could be reached.

Given that this is where the parties are at, however, Plaintiffs request the ability to address the handful of new issues raised by Defendants' response.

**Conclusion**

For the foregoing reasons, Plaintiff requests leave to supplement its original fee

petition filing, as well as leave to file a reply.


Respectfully Submitted,


/s/ Brendan Shiller/s/
Brendan Shiller
Law Office of Brendan Shiller, LLC
36 S. Wabash, Suite 1310
Chicago, IL 60603
312-332-6462
ARDC: 6279789

<u>**CERTIFICATE OF SERVICE**</u>

I, Brendan Shiller, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **MOTIOIN FOR LEAVE**, to be delivered by hand and through the court's electronic email notification system to opposing counsel on this the 1st day of July, 2008.


<u>/s/ Brendan Shiller/s/</u>
Brendan Shiller
Law Office of Brendan Shiller, LLC
36 S. Wabash, Suite 1310
Chicago, IL 60603
312-332-6462
ARDC: 6279789